ADELA RODRÍGUEZ ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. G-62-5.        Decided June 13, 1963.

*José Sabater* for appellants. The registrar appeared by brief.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On September 11, 1958, Ángel Vázquez Alicea executed an open will before Notary Emilio Forestier Gregory in which, after setting forth that he had no forced heirs, ascendants nor descendants, he declared: "That for many years he has lived in concubinage with María Feliciano Pérez, who has

cared for him and helped him as a good wife and companion and has helped him to acquire the few properties which he owns at present"; and "That he has also brought up a daughter named Lydia Alicea Rodríguez on whom he bestows great love and affection as if she were his own daughter"; and "That he designates his companion, María Feliciano Pérez, and his said foster daughter, Lydia Alicea Rodríguez, as his sole and universal heirs, in order that both may inherit in equal parts everything he may possess at the time of his death and enjoy the same with the blessings of God and of the testator"; and "since the designated heirs are of full age, the testator does not appoint any executor or tutor, but upon the testator's death the said two heiresses shall simply take possession of whatever he may own and enjoy the same as his universal heiresses."

The named heiress María Feliciano Pérez predeceased the testator leaving one daughter, Adela Feliciano, also known as Adela Rodríguez, petitioner herein, who was adjudged heiress of María Feliciano Pérez by order of January 17, 1961, of the Superior Court of Puerto Rico, Mayagüez Part. Upon the death of the testator and in an incident of judicial administration at which both interested parties were present, and with the acquiescence of heiress Lydia Alicea Rodríguez, the trial court of Mayagüez concluded that since the testator had declared that he had no ascendants nor descendants and that he had lived in concubinage with María Feliciano Pérez, who had cared for him *and helped him like a good wife and companion to acquire the few properties which he may own,* the said Adela Rodríguez, as her mother's heiress, is entitled to one half of the hereditary property left by the testator. What the court actually decided at law is that petitioner Adela Rodríguez, in representation of her mother, is entitled to one half of the estate, which is the half to which the mother would be entitled in the unliquidated partnership in concubinage, the testator himself having admitted that with the

help of his concubine he had acquired "the few properties which he possessed": *Torres* v. *Roldán*, 67 P.R.R. 342, 344 (Snyder) (1947); *Danz* v. *Suau*, 82 P.R.R. 591, 598–600 (Belaval) (1961); *Vélez* v. *Franqui*, 82 P.R.R. 735, 747 (Belaval) (1961).

The reason why the Registrar of Property refused to record the property in the name of petitioners is untenable. Relying on § 695 of the Civil Code of Puerto Rico, considered isolatedly, he determined, contrary to the holding of the Mayagüez Part in a different situation of facts such as the concurrence of two different hereditary rights, although arising from the same document, that the voluntary heir who predeceases the testator does not transmit any right to his heirs, and that since the designated María Feliciano Pérez had predeceased the testator, her daughter's interest in the property was not recordable; and that since the inheritance tax had been paid in one single receipt in the name of both, the interest of petitioner Lydia Alicea Rodríguez, the testator's foster daughter, was not recordable either. The property is recordable as to petitioner Lydia Alicea Rodríguez by virtue of the will executed by Ángel Vázquez Alicea, and as to petitioner Adela Feliciano, also known as Adela Rodríguez, by virtue of the orders of January 17, 1961, and February 20, 1961, of the Superior Court of Puerto Rico, Mayagüez Part, the last of which relates to the same will but with a different juridical cause. Subsequently to the state of law created by those orders, the Registrar of Property, in passing upon the legality of the documents presented, had no authority to disregard the findings of fact and conclusions of law of the trial court: *Suárez* v. *Registrar*, 35 P.R.R. 676, 679 (Aldrey) (1926); *Wilcox* v. *Registrar*, 67 P.R.R. 445, 452–53 (Snyder) (1947); *Rosado* v. *Registrar*, 71 P.R.R. 516, 519 (Negrón Fernández) (1950).

If the inheritance tax receipt should show the correct balance which each successor would be bound to pay on the

property left by Ángel Vázquez Alicea, such receipt might perhaps be sufficient for the purpose of the registration sought, otherwise it would be necessary to obtain a new revised receipt.

The decision of April 27, 1962, denying record will be reversed. The interested parties shall withdraw the documents presented and present them anew in order that the respective rights be recorded in pursuance of our opinion.